# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17 cv 01525

MARK WILSON, an individual, and WILSON LAW LTD, a Colorado limited liability company,

    Plaintiffs,

v.

ADVISORLAW LLC, a Colorado limited liability company, DOCHTOR DANIEL KENNEDY, an individual, and STACY SANTMYER, an individual.

    Defendants.

## ANSWER TO COMPLAINT

Defendants, Advisor Law LLC, Dochtor Daniel Kennedy, and Stacy Santmyer, by and through their undersigned attorney, and hereby answer the complaint as follows, subject to their pending Motion to Dismiss:

### PARTIES, JURISDICTION, AND VENUE

1. Admitted.

2. Admitted in part and denied in part. It is admitted that on November 2, 2016, Mr. Kennedy informed Mr. Wilson that it had come to his attention that Wilson Law was competing against Advisor Law. All other allegations are denied.

3. Denied.

4. Denied

5. Denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Statements in this paragraph regarding the claims being brought in the complaint for which no response is required. To the extent that a response is required, such is denied.

13. Denied. The court lacks jurisdiction under 20 USC § 1338(a) because Plaintiffs have failed to properly allege an actionable complaint for an issue of federal law.

14. Denied. The court does not have supplemental jurisdiction under 20 USC § 1367(a) because the other claims are not related to an issue for with the Court has original jurisdiction.

15. Admitted subject to a determination of the Court's subject matter jurisdiction.

## FACTS

16. Admitted.

17. Admitted.

18. Denied. Although originally intended as a law firm, Advisor Law LLC only provides regulatory representation for FINRA Licensed Professionals and therefore, does not claim to be a law firm.

19. Admitted.

20. Admitted.

21. Denied. Although originally intended as a law firm, Advisor Law LLC only provides regulatory representation for FINRA Licensed Professionals and therefore, does not claim to be a law firm.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Denied in part. Mr. Wilson did not provide work for AdvisorLaw LLC until May 23, 2016.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted as to the fact that the email was sent by Mr. Wilson to Mr. Kennedy but not as to the truth or falsity of the contents of the email.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted.

41. Admitted.

42. Admitted.

43. Denied.

44. Makes a conclusion of law for which no response is required. To the extent that a response is required, such is denied.

45. Defendants have insufficient information to either admit or deny this allegation and so such is denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Admitted in part. Mr. Bacher was a contractor for AdvisorLaw LLC and now no longer provides any services for AdvisorLaw LLC.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Defendants have no knowledge of when Plaintiffs first discovered Report 1336305 had been published online and that its URL or webpage address could be found via search engine companies' search results. To the extent a response is required, such is denied.

70. Defendants have no knowledge of Plaintiffs' suspicions. To the extent a response is required, such is denied.

71. Admitted.

72. Defendants admit that Mr. Kennedy denied having any knowledge of Report 1336305's publication or author but deny that this was a false statement.

73. Denied.

74. Denied.

75. Denied.

76. Admitted. Such email was sent with the intention of helping Mr. Wilson remove Report 1336305 but denies the inference that Mr. Kennedy published Report 1336305 because he was trying to help Mr. Wilson.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Admitted.

82. Admitted as to stating that Mr. Bacher had written and published Report 13363305 but denied as to such statements being a lie.

83. Admitted.

84. Admitted.

85. Admitted.

86. Denied.

87. Admitted. Mr. Creer does in fact represent Defendants in this matter.

88. Admitted.

89. Admitted.

90. Denied.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Admitted.

99. Admitted as to Mr. Barber, Mr. Kennedy, Mr. Santmyer and Mr. Sisk. Denied as as to Mr. Bacher.

100. Admitted.

101. Admitted.

102. Denied.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

## FIRST CLAIM FOR RELIEF

107. Defendants hereby incorporate all prior responses in this Answer.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Defendants have no knowledge as to whether Wilson Law did in fact receive fewer customer inquiries and generated less revenue and profit per month after Report 1336305 was published. Defendants deny having published Report 1336305.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## SECOND CLAIM FOR RELIEF

117. Defendants hereby incorporate all prior responses in this Answer.

118. Denied.

119. Denied.

120. Denied.

## THIRD CLAIM FOR RELIEF

121. Defendants hereby incorporate all prior responses in this Answer.

122. Denied.

123. Denied.

124. Denied.

## FORTH CLAIM FOR RELIEF

125. Defendants hereby incorporate all prior responses in this Answer.

126. Denied.

127. Denied.

## FIFTH CLAIM FOR RELIEF

128. Defendants hereby incorporate all prior responses in this Answer.

129. Denied.

130. Denied.

## SIXTH CLAIM FOR RELIEF

131. Defendants hereby incorporate all prior responses in this Answer.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied

### SEVETH CLAIM FOR RELIEF

141. Defendants hereby incorporate all prior responses in this Answer.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

### EIGHTH CLAIM FOR RELIEF

149. Defendants hereby incorporate all prior responses in this Answer.

150. Admitted.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

## AFFIRMATIVE DEFENSES

A. Defendants deny all allegations not specifically admitted herein.

B. Plaintiffs failed to state a claim upon which relief can be granted under the First Claim for Relief. Specifically, Plaintiffs have failed to allege any facts of commercial advertising that are necessary for the First Claim for Relief under the Lanham Act.

C. The Court lacks subject matter jurisdiction because Plaintiffs failed to properly allege a claim under the Lanham and therefore there are no issues of Federal law for this court to decide.

D. Plaintiffs failed to state a claim upon which relief can be granted under the Second, Third, Fourth and Fifth Claim for relief. Specifically, Plaintiffs have failed to allege any facts of racketeering or unlawful debt to support claims of Organized Crime under Section 18-17-104 of the COCCA and makes allegations under various criminal code

       provisions for which civil remedies are not provided under Colorado law, for criminal reporting or prosecution cannot be ordered and for which Plaintiff fails to cite any proper legal authority for a civil action.

E. Plaintiffs failed to mitigate damages. Specifically, Plaintiffs failed to post a refute of Report 1336305 or take other action to remove or refute Report 1336305.

F. Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches, insofar that Plaintiffs have been complicit in failing to remove or refute Report 1336305.

G. Plaintiffs' claim for damages are based on nothing more than speculation as Plaintiffs do not and cannot allege or prove that an actual customer refused to seek services from Wilson Law LLC because of Report 1336305.

H. Plaintiffs' failed to allege any specific gain to Defendants and such allegations are conclusory.

I. Plaintiffs failed to join a necessary party; without whom, relief cannot be provided. Specifically, Ripoff Report and Xcentric Ventures, LLC needs to be added in order to provide the injunctive relief requested by Plaintiffs.

J. Plaintiffs are attempting to bring criminal prosecution in civil proceedings for which Plaintiffs lack standing to do so.

K. Defendants reserves their right to assert additional defenses to Complaint as discovery proceeds and designate non-parties pursuant to C.R.S. § 13-21-111.5(3)(b)

Respectfully submitted this 14th day of July, 2017.

                                      BICKFORD LAW, LLC

                                      /s/ Gregory R. Creer_____
                                      Gregory R. Creer
                                      6950 E Belleview Ave, Suite 103
                                      Greenwood Village, CO 80111
                                      Phone: (303) 514-3436
                                      Email: greg@bickfordlegal.com
                                      **Attorney for Defendants**

## CERTIFICATE OF SERVICE

       The undersigned does hereby certify that on this 14th day of July, 2017 a true and correct copy of the foregoing was filed with the Clerk of the U.S. District Court via its online ECF/CM filing system, which will send service upon counsel for the parties via: its email service system as indicated below:

        Edward C. Hopkins, Jr.
        Alexandra Tracy-Ramirez
        HopkinsWay PLLC
        7900 E. Union Ave., Suite 1100
        Denver, CO 80237
        Email: ehopkins@hopkinsway.com
                  Atracyramirez@hopkinsway.com


                                        s/ Deborah Elmore, Paralegal