IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-01525-MSK-CBS

**MARK WILSON, and**
**WILSON LAW LTD.,**

    Plaintiffs,

v.

**ADVISORLAW LLC**
**DOCHTOR DANIEL KENNEDY, and**
**STACY SANTMYER,**

    Defendants.

---

### ORDER DENYING MOTION FOR PROTECTIVE ORDER
---

    **THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Protective Order **(# 52)**, and the Plaintiffs' response **(# 53)**.[1]

    The Court assumes the reader's familiarity with the underlying dispute. In summary, the Plaintiffs contend that an online review, disparaging their business, was posted by the Defendants; the Defendants contend that the review was posted without their knowledge by third-party Jason Bacher.

    A Scheduling Order **(# 28)** entered in this case in September 2017, setting a discovery deadline of February 28, 2018. Although Mr. Bacher is seemingly central to the parties' dispute, it appears that neither party initially intended to depose him. During a deposition of one of the

---

[1]     Pursuant to D.C. Colo. L. Civ. R. 7.1(d), the Court is sufficiently advised of the issues herein such that it need not await the filing of a reply brief.

Defendants in late 2017, counsel for the Plaintiffs intimated[2] that time-stamped shopping receipts or other materials might exist that would demonstrate that Mr. Bacher was not physically present where and when the disparaging review was being published. As a result of that intimation, on January 8, 2018, the Defendants served a subpoena on Mr. Bacher, requesting that he produce any documents in his possession that reflected his whereabouts on the date and time in question. That subpoena directed that Mr. Bacher make such production, in person (in Colorado) or by mail, within 21 days of service of the subpoena. The subpoena was served on Mr. Bacher on January 13, 2018, making his response due on February 5, 2018, the first business day occurring 21 days thereafter.

In the meantime, on January 16, 2018, the Plaintiffs noticed Mr. Bacher for a deposition to be held in Wisconsin, the state of Mr. Bacher's residence, on February 9, 2018. The notice further directed that Mr. Bacher bring to the deposition "the same mobile phone you used to make and receive calls and send and receive data" on the date that the review was published. Both parties appear to understand that, for various reasons, testimony given by Mr. Bacher at this deposition will be offered at trial in lieu of Mr. Bacher's personal appearance.

The Defendants did not receive any production from Mr. Bacher on February 5, 2016, and the following day, they filed the instant Motion for Protective Order **(# 52)**, seeking to

---

[2]  The Plaintiffs' response to the instant motion argues that, when their counsel asked the deponent whether Mr. Bacher could have arrived at a location by a certain time "if Mr. Bacher had made a purchase at Walgreens for medicine at 7:13, and then canceled that transaction because he wanted to use a different card and made another purchase at 7:19 at Walgreens," counsel was simply presenting a "hypothetical question." The Plaintiffs go on to suggest that it would be unreasonable for anyone to think that questions like this "could have asserted or purported that Mr. Bacher possessed any receipts or documents." Such an argument is, frankly, insulting in its insincerity. It is abundantly clear that Plaintiffs' counsel fully intended the question to convey the impression that, if pressed, the Plaintiffs could and would conclusively establish the facts recited in the predicate of the question, presumably with documents or other tangible evidence.

postpone the deposition until some time after Mr. Bacher complies with the subpoena. They explain that "if this deposition goes forward, [Mr.] Bacher will bring with him the phone containing the very same documents that he failed to produce in response to Defendants' subpoena," and that the Defendants "will then have to cross-examine [Mr.] Bacher about these same documents" without having had the ability to "review, analyze, verify the authenticity, and explore the metadata of these documents" in advance.

The Court denies the Defendants' motion for several reasons. First, it springs from a faulty premise: that Mr. Bacher has failed to comply with the subpoena. The subpoena effectively set February 5 as the deadline for Mr. Bacher to respond, but also gave him the option of responding by mail. Assuming he did so by mailing the responsive documents from Wisconsin on February 5 (or even on Saturday, February 3, the 21st day from service of the subpoena),$^3$ it may be that such mailing could still have been in transit at the time the Defendants filed the instant motion on February 6. The Court will not assume that, simply because the Defendants did not have Mr. Bacher's response in-hand by February 6, Mr. Bacher failed to comply. The Court understands the Defendants' need to move expeditiously given the imminence of the deposition, but the closeness of the two operative dates here does not justify assuming Mr. Bacher's non-compliance with the subpoena in the absence of evidence.

Second, even assuming that Mr. Bacher never responded to the subpoena, the Court is not persuaded that there is necessarily an equivalency between the requests in the Defendants' subpoena and the Plaintiffs' Notice of Deposition; put differently, the Court is not convinced

---

$^3$ The subpoena is silent as to whether the 21-day deadline is for the mailing of the documents or for their receipt by the Defendants' counsel. Assuming that Mr. Bacher's compliance was otherwise governed by Fed. R. Civ. P. 5(b)(2)(C), his mailing of responsive documents on the 21st day would have been sufficient compliance, regardless of when they ultimately arrived.

3

that, as the Defendants assert, "[Mr.] Bacher will bring with him the phone containing <u>the very same documents</u> that he failed to produce in response to Defendants' subpoena." The Defendants' subpoena requested production of "documents reflecting . . . your whereabouts"; the Plaintiffs' notice requested production of "[a] mobile phone." The two terms are not inherently synonymous, and although a phone could conceivably contain "documents," it is also possible for a phone to contain material that would not be commonly understood to be a "document." Because there is no necessary congruity between the materials requested by the Defendants and the materials requested by the Plaintiffs, the Court cannot say that, if Mr. Bacher arrives at the deposition, phone in hand, he will have necessarily produced something that was also responsive to the Defendants' subpoena. The Court will not pre-emptively continue the deposition simply on the possibility that Mr. Bacher's phone <u>might</u> contain "documents" responsive to the Defendants' subpoena.

Third, assuming Mr. Bacher does arrive at the deposition with documents stored on his phone (or indeed, documents in paper form) that are responsive to the Defendants' subpoena but were never produced, the Court cannot say that, categorically, that fact would warrant a continuance of the deposition. The responsive-yet-unproduced documents may be simple and immediately understood. They may be irrelevant, falling outside the pertinent time frame. They may be patently inconclusive on the question of where Mr. Bacher actually was at a certain point in time. It may be that the Defendants can adequately assess the documents' significance and authenticity over a long lunch hour or during a brief continuance before resuming the deposition. The remedy of continuing a deposition entirely, particularly on short notice,[4] is an overly-broad solution to a problem whose contours are, as yet, entirely speculative. <u>If</u> Mr. Bacher winds up

---

[4] The Court assumes that the parties may have already booked travel and accommodations in Wisconsin by the time the Defendants filed the instant motion.

producing responsive documents for the first time at the deposition, and if those documents are pertinent to establishing Mr. Bacher's whereabouts during the brief time period in question, and if the significance of the documents can only be ascertained after extensive study, the Court might be willing to entertain a motion by the Defendants to re-open Mr. Bacher's deposition at a later time to complete any questioning of Mr. Bacher regarding those documents. But the Court will not pre-empt that deposition simply on the potential that all of those contingencies could occur.

Accordingly, the Court finds no good cause to warrant a protective order vacating the presently-scheduled deposition of Mr. Bacher. The Defendants' Motion for Protective Order (**# 52**) is **DENIED**.

Dated this 7th day of February, 2018.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge