IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01525-MSK

MARK WILSON, an individual, and WILSON LAW LTD., a Colorado limited liability company,

    Plaintiffs,

v.

ADVISORLAW LLC, a Colorado limited liability company, DOCHTOR DANIEL KENNEDY, an individual, and STACY SANTMYER, an individual.

    Defendants.

## MOTION FOR SANCTIONS UNDER RULES 26(g)(3) AND 37(c)(1)

Under Fed. R. Civ. P. 26(g)(3) and 37(c)(1), Plaintiff and Counterdefendant Mark Wilson and Plaintiff Wilson Law Ltd. (Plaintiffs) move this Court to sanction Defendant Dochtor Kennedy and Defendant and Counterclaimant AdvisorLaw LLC (Defendants).

To deceive the Plaintiffs, delay litigation, and needlessly increase litigation expenses and costs, the Defendants falsely asserted in discovery responses that Mr. Kennedy did not publish Ripoff Report 1336305 and that Jason Bacher, a nonparty, published it as part of a complicated, conspiratorial scheme. They never corrected or supplemented their false discovery responses. The Defendants are a Colorado lawyer and a Colorado law firm. Their discovery deception deserves the harshest sanctions.

## I. CONFERRAL

On February 27, 2018, undersigned counsel sent Defendants' counsel an email containing business records AT&T produced on February 26, 2018, in response to the Plaintiffs' subpoena for documents dated January 18, 2018. **Exhibit 1**. In that email, undersigned counsel asked Defendants' counsel to "[p]lease let me know this week if Mr. Kennedy decides to admit that he wrote and published Ripoff Report 1336305 while he was at his home on November 2, 2016." *Id*. Defendants' counsel did not respond.

On February 28, 2018, undersigned counsel sent Defendants' counsel an email to which a letter titled "Notice of Dochtor Kennedy's and AdvisorLaw LLC's Criminal Misconduct" was attached. **Exhibit 2**. In the attached letter, undersigned counsel wrote: "If you know of any reasons why Mr. Kennedy or AdvisorLaw LLC should not be sanctioned for violating the federal rules of civil procedure and laws prohibiting perjury during this litigation, please call me to explain them or respond to this letter in writing by March 7, 2018." *Id*. Defendants' counsel did not respond.

Undersigned counsel presumes this motion will be opposed.

## II. BACKGROUND

On June 22, 2017, the Plaintiffs sued the Defendants for harms the Plaintiffs suffered after the Defendants published Ripoff Report 1336305 on November 2, 2016. (#1). The Plaintiffs filed their First Amended Complaint on July 14, 2017. (#11). On

December 22, 2017, the same day undersigned counsel deposed Mr. Kennedy, the Defendants filed their Second Amended Answer and Counterclaims (#49).

The Plaintiffs and the Defendants have been business competitors since October 1, 2016. (#28 at 7)[1]. During the afternoon of November 2, 2016, Mr. Kennedy sent Mr. Wilson an email explaining he was upset to learn that Mr. Wilson and Wilson Law Ltd. had been competing against Mr. Kennedy and AdvisorLaw LLC. (#11 at ¶ 33; #28 at 7). About an hour and a half later, Mr. Kennedy sent Mr. Wilson an email that accused the Plaintiffs of trying to steal business from the Defendants. (#11 at ¶ 35; #28 at 8). A few hours later, posing as a fictitious person named Patrick Erickson, the Defendants published Ripoff Report 1336305 at approximately 8:23 p.m. Colorado time, which was 7:23 p.m. Arizona time. (#11 at ¶ 38). The Report contains several defamatory *per se* statements about the Plaintiffs. (#11 at ¶ 178; #28 at 8).

The Plaintiffs brought eight claims for relief. Three are germane to this motion. The Plaintiffs alleged the Defendants 1) violated the Lanham Act's false advertising provision (15 U.S.C. § 1125(a)(1)(B)) (#11 at ¶¶ 118 – 151), 2) violated the Colorado Consumer Protection Act (C.R.S. §§ 6-1-105(1)(h) and (3)) (#11 at ¶¶ 166 – 175), and 3) tortiously defamed the Plaintiffs (#11 at ¶¶ 176 – 183) when the Defendants published Ripoff Report 1336305 knowing its derogatory statements about the Plaintiffs were false.

---

[1] The Court's September 13, 2017, Scheduling Order (#28) contains 31 undisputed facts on pages 7 through 9.

AdvisorLaw LLC alleged Mr. Wilson and at least four nonparty conspirators agreed to cause Jason Bacher, a nonparty, to publish Ripoff Report 1336305 on November 2, 2016, and, then, Mr. Wilson perjuriously filed pleadings for this action that falsely accused the Defendants of publishing Ripoff Report 1336305, so Mr. Wilson and the other conspirators could help one another harm the Defendants' business. *See* (**#49 at Counterclaim ¶¶ 17 – 30**).

AdvisorLaw LLC, the Counterclaimant, brought five counterclaims against Plaintiff Mark Wilson. (**# 49**). It alleged Mr. Wilson 1) conspired with the nonparties (**#49 at Counterclaim ¶¶ 68 – 73**), 2) violated the Colorado Organized Crime Control Act (three claims) (**#49 at Counterclaim ¶¶ 74 – 88**); and 3) aided and abetted the nonparties' alleged tortious conduct (**#49 at Counterclaim ¶¶ 89 – 96**).

III.    **UNDISPUTED FACTS**

1. Mr. Kennedy has been the attorney of record and AdvisorLaw LLC the law firm of record for at least 111 separate state court judicial proceedings between April 6, 2017, and March 6, 2018.  *See* **Exhibit 3**.

2. AdvisorLaw LLC is an "entity … through which a lawyer or lawyers render legal services." *See* Colo. RPC 1(c).

3. Coordinated Universal Time (UTC) is the primary time standard by which the United States regulates time. *See* 15 U.S.C. § 261.

4

4. Colorado observes daylight saving time, or Mountain Daylight Time (MDT) (UTC–6), between the second Sunday of March and the first Sunday of November. *See* C.R.S. § 2-4-109(2). The rest of the year, Colorado observes Mountain Standard Time (MST)(UTC–7).

5. Arizona only observes MST (UTC–7). *See* A.R.S. § 1-242.

6. The Ripoff Report website uses Arizona time, MST, as its "posting time." (**#11-1 at 10**).

7. Ripoff Report 1336305 was published on November 2, 2016. (**# 28 at 8**).

8. It was published at 7:23 p.m. Arizona time, MST (**#11-1 at 10**).

9. It was published at 8:23 p.m. Colorado time, MDT. *See* C.R.S. § 2-4-109(2).

10. The account used to publish Ripoff Report 1336305 was created at approximately 7:21 p.m. Arizona time, which was 8:21 p.m. Colorado time. **Exhibit 4 at PLAINTIFF0518.**

11. The Internet Protocol (IP) address assigned to the computer used to create the account that published Ripoff Report 1336305 was 24.52.34.175. *Id.*

12. Mr. Kennedy's residential address was 9426 Juniper Way, Arvada, Colorado 80007 on November 2, 2016. **Exhibit 5 at PLAINTIFF000554**.

13. TDS Broadband Service LLC provided internet services to Mr. Kennedy's residence on November 2, 2016. **Exhibit 4 at PLAINTIFF0519.**

14. Mr. Kennedy's residence used IP address 24.52.34.175 between 8:21 p.m. and 8:25 p.m. Colorado time on November 2, 2016. *Id*.

15. Mr. Bacher used the phone number (970) 389-1685 on November 2, 2016. **Exhibit 1 at PLAINTIFF000526 – 528; Exhibit 4 at 25:11 – 26:11**.

16. Mr. Kennedy used the phone number (720) 432-1413 on November 2, 2016. **Exhibit 5 at PLAINTIFF000554**.

17. AT&T business records prove Mr. Kennedy, while using phone number (720) 432-1413, and Mr. Bacher, while using phone number (970) 389-1685, exchanged text messages between 8:09 p.m. and 9:20 p.m. Colorado time on November 2, 2016. **Exhibit 1 at PLAINTIFF000545 – 547**.

18. Partial transcripts for text messages Mr. Kennedy and Mr. Bacher exchanged on November 2, 2016, reflect the contents and times of text messages Mr. Kennedy and Mr. Bacher exchanged between 8:09 p.m. and 9:05 p.m. Colorado time on November 2, 2016. **Exhibit 4 at DDK00000444 – 445**.

19. During his December 22, 2017, deposition, Mr. Kennedy confirmed Mr. Bacher was not at Mr. Kennedy's home between 8:09 p.m. and 9:05 p.m. Colorado time on November 2, 2016. **Exhibit 4 at 25:11 – 27:7**.

20. Mr. Kennedy did not send Mr. Bacher any text messages for at least forty-one minutes, between 8:13 p.m. and 8:54 p.m. Colorado time on November 2, 2016. **Exhibit 1 at PLAINTIFF000545; Exhibit 4 at DDK00000444.**

21. During his December 22, 2017, deposition, Mr. Kennedy confirmed JaYoung Kennedy, his wife, did not publish Ripoff Report 1336305 when he said: "I'm 100 percent sure my wife did not publish it." **Exhibit 4 at 23:19 – 22.**

22. On September 1, 2017, the Plaintiffs served Mr. Kennedy "Plaintiffs' Interrogatories for Dochtor Kennedy." Interrogatory 4 asked Mr. Kennedy to "[s]tate the email address, display name, real name, and mailing address combination for each Ripoff Report account you used to publish statements via the Ripoff Report website during the past five years. For your reference, the Ripoff Report account registration webpage may be accessed online at http://www.ripoffreport.com/go/register." **Exhibit 6.**

23. On October 9, 2017, Mr. Kennedy falsely responded "[n]one" to Interrogatory 4. **Exhibit 7.**

24. Mr. Kennedy never corrected his false response to Interrogatory 4.

25. On January 2, 2018, the Plaintiffs served AdvisorLaw LLC "Plaintiffs' Interrogatories for AdvisorLaw LLC." Interrogatory 12 asked AdvisorLaw LLC to "[p]lease explain, in detail, the terms of the agreement "to harm AdvisorLaw's business and/or to unlawfully gain an unfair competitive advantage over AdvisorLaw" AdvisorLaw LLC described in Allegation 69 of its Counterclaim (*see* Doc. 49, page 26) into which Mark Wilson allegedly entered with Charles Sisk, Tosh Grebenik, and Bridget Schaan."

26. On February 6, 2018, AdvisorLaw LLC, in a verified response that Mr. Kennedy signed, falsely responded "Sisk conspired with Jason Bacher to publish the Ripoff Report." **Exhibit 9.**

27. AdvisorLaw LLC never corrected its false response to Interrogatory 9.

28. On January 2, 2018, the Plaintiffs served AdvisorLaw LLC "Plaintiffs' Interrogatories for AdvisorLaw LLC." Interrogatory 12 asked AdvisorLaw LLC to "[p]lease explain, in detail, how Mark Wilson helped Jason Bacher publish Ripoff Report #1336305." **Exhibit 8.**

29. On February 6, 2018, AdvisorLaw LLC, in a verified response that Mr. Kennedy signed, falsely responded "[k]nowing that Bacher is/was extremely unstable and likely to lash out in a way that Wilson/Sisk could later try to tie back to AdLaw, Sisk provoked Bacher until Bacher attacked Wilson by publishing the RoR." **Exhibit 9.**

30. AdvisorLaw LLC never corrected its false response to Interrogatory 12.

IV. ANALYSIS

    A. <u>The Defendants must be sanctioned under Rule 26(g)(3) for falsely responding to discovery requests and failing to correct them</u>.

Rule 26(g)(1)(B)(ii) explains a "party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that his or its discovery response is "not interposed for any improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation" when the party signs for the response. Fed R. Civ. P. 26(g)(1)(B)(ii). Rule 26(g)(3) requires courts to "impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if he or it violated Rule 26(g)(1)(B)(ii) "without substantial justification." Fed R. Civ. P. 26(g)(3). "Rule 26(g)(3) gives the judge discretion over the nature of the sanction but not whether to impose one." *Rojas v. Town of Cicero*, 75 F.3d 906, 909 (7th Cir. 2015). "Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule." *See e.g. McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 741 (6th Cir. 2002).

Undisputed forensics evidence proves the Defendants published Ripoff Report 1336305 at Mr. Kennedy's home between 8:21 p.m. and 8:25 Colorado time on November 2, 2016. They used the IP address TDS Broadband Services LLC assigned to Mr. Kennedy's home on November 2, 2016.

Mr. Kennedy confirmed Mr. Bacher was not at Mr. Kennedy's home when the two men began to exchange text messages at 8:09 p.m. Colorado time on November 2, 2016. Mr. Kennedy also confirmed he and Mr. Bacher would not have sent one another text messages between 8:09 p.m. and 9:05 p.m. Colorado time on November 2, 2016, had they both been at Mr. Kennedy's home during that time.

Their text message exchange began at 8:09 p.m. Colorado time and ended at 9:20 p.m. Colorado time according to AT&T business records. During the exchange, Mr.

Kennedy did not send Mr. Bacher a text message between 8:13 p.m. and 8:54 p.m. This gave Mr. Kennedy ample time to 1) write the text for Ripoff Report 1336305 before 8:21 p.m.; 2) create a Ripoff Report account using the fictitious name of Patrick Erickson at approximately 8:21 p.m.; and 3) publish the text for Ripoff Report 1336305 sometime between 8:23 p.m. and 8:25 on November 2, 2016.

Mr. Kennedy confirmed Mrs. Kennedy did not publish Ripoff Report 1336305. He was "100 percent sure" Mrs. Kennedy did not do it because he knew he did it.

The evidence gathered in the case, including Mr. Kennedy's deposition testimony, irrefutably proves Mr. Kennedy is the only person who could have published Ripoff Report 1336305.

Mr. Kennedy co-owns AdvisorLaw LLC. Everything Mr. Kennedy knows AdvisorLaw LLC also knows. The Defendants have known Mr. Kennedy published Ripoff Report 1336305 since November 2, 2016.

Every signed discovery response the Defendants produced that asserted they did not publish Ripoff Report 1336305 or that asserted Mr. Bacher published Ripoff Report 1336305 violated Rule 26(g)(1)(B)(ii). The Defendants produced two such discovery responses on February 6, 2018.

The Defendants' unjustified Rule 26(g)(1)(B)(ii) violations harmed the Plaintiffs. It caused them to needlessly waste resources searching for additional forensics evidence,

preparing additional discovery questions, and communicating with the Defendants' counsel about discovery issues related to who published Ripoff Report 1336305.

Mr. Kennedy has made at least 111 appearances in Colorado's state courts, each time listing AdvisorLaw LLC as the Colorado law firm through which he provides his legal services to AdvisorLaw LLC's clients. Before Mr. Kennedy and AdvisorLaw LLC could represent clients in any of those 111 judicial proceedings, Mr. Kennedy had to take the Colorado Attorney Oath of Admission. When he took that Oath, Mr. Kennedy swore to adhere to the Colorado Rules of Professional Conduct. Mr. Kennedy's and AdvisorLaw LLC's deceptive litigation conduct violated Colo. RPC 3.1, 3.2, 3.4(a), 3.4(b), 3.4(c), 3.4(d), 5.1(a), 8.3(a), 8.4(a), 8.4(b), 8.4(c), 8.4(d), and 8.4(h).

Since the Defendants' conduct was not justified and it harmed the Plaintiffs, Rule 26(g)(3) requires this Court to sanction the Defendants for violating Rule 26(g)(1)(B)(ii).

B. <u>The Defendants must be sanctioned under Rule 37(c)(1) for producing false discovery responses and failing to correct them</u>.

Rule 37(c)(1) requires courts to sanction parties who fail to provide information as required by Rule 26(e) "unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). Rule 26(e)(1)(A) requires parties who have responded to interrogatories or requests for admission to correct their responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other

parties during the discovery process or in writing." Fed R. Civ. P. 26(e)(1)(A). Rule 37(c)(1) authorizes courts to use any of the following sanctions: a) "order payment of the reasonable expenses, including attorney's fees, caused by the failure;" b) "inform the jury of the party's failure;" or c) "impose other appropriate sanctions" after giving the party against whom sanctions were sought an opportunity to be heard. Fed R. Civ. P. 37(c)(1).

Mr. Kennedy's October 9, 2017, response to Interrogatory 4 of "Plaintiffs' Interrogatories for Dochtor Kennedy" was a lie. He claimed he had never created a Ripoff Report account. Undisputed evidence proves he created a Ripoff Report account while posing as Patrick Erickson at approximately 8:21 p.m. Colorado time on November 2, 2016, at his residence of record. He then used that account to publish Ripoff Report 1336305 sometime between 8:23 p.m. and 8:25 p.m. Mr. Kennedy never corrected his response to Interrogatory 4. His failure to correct his false response to Interrogatory 4 violated Rule 26(e)(1)(A).

AdvisorLaw LLC produced two discovery responses on February 6, 2018, that Mr. Kennedy and AdvisorLaw LLC knew contained lies. AdvisorLaw did not correct these false responses.

The Defendants' unjustifiable Rule 26(g)(1)(B)(ii) violations harmed the Plaintiffs by causing them to needlessly waste litigation resources after October 9, 2017; to search for additional forensics evidence to prove facts the Defendants were lying; to prepare or

respond to discovery requests; and communicate with the Defendants' counsel about discovery issues related to who published Ripoff Report 1336305.

Since the Defendants' conduct was unjustifiable and it harmed the Plaintiffs, Rule 37(c)(1) requires this Court to sanction the Defendants for violating Rule 26(e)(1)(A).

## V.   CONCLUSION AND RELIEF SOUGHT

The Defendants' misconduct requires sanctions. Severe sanctions, including alternative sanctions, are warranted. The Plaintiffs move the Court to sanction the Defendants in the following ways:

(1) find that Mr. Kennedy and AdvisorLaw LLC published Ripoff Report 1336305;

(2) find that Jason Bacher did not publish Ripoff Report 1336305;

(3) order AdvisorLaw LLC to send XCentric Ventures, LLC, the Arizona company that owns and controls the Ripoff Report website, a letter containing a copy of the Court's forthcoming order that asks XCentric Ventures, LLC to permanently delete Ripoff Report 1336305 from the Ripoff Report website to prevent Mr. Wilson and Wilson Law Ltd. from suffering further reputational harm and prevent more consumers from being deceived by Ripoff Report 1336305's false statements;

(4) order Mr. Kennedy to submit a copy of this Court's forthcoming order to the Colorado Office of the Attorney Regulation Counsel within thirty days; and

(5) order Mr. Kennedy and AdvisorLaw LLC to pay all the Plaintiffs' reasonable attorneys' fees for discovery matters and reasonable discovery litigation costs since October 9, 2017.

Dated March 12, 2018               s/ Edward C. Hopkins Jr.
                                   Edward C. Hopkins Jr.
                                   s/ Alexandra Tracy-Ramirez
                                   Alexandra Tracy-Ramirez
                                   HopkinsWay PLLC
                                   7900 E. Union Ave., Ste. 1100
                                   Denver, CO 80237
                                   (720) 262-5545 tel, (720) 262-5546 fax
                                   Email: ehopkins@hopkinsway.com
                                   Email: atracyramirez@hopkinsway.com
                                   *Attorneys for Plaintiffs/Counterdefendant*

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of filing to the following recipients:

James S. Helfrich, Kevin D. Allen, Jordan Factor, and Jennifer E. Schlatter
Allen Vellone Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1100
Denver, CO 80202
Tel.: (303) 534-4499
jhelfrich@allen-vellone.com; kallen@allen-vellone.com; jfactor@allen-vellone.com; jschlatter@allen-vellone.com


s/Alexandra Tracy-Ramirez
Alexandra Tracy-Ramirez
HopkinsWay PLLC
7900 E. Union Ave., Ste. 1100
Denver, CO 80237
(720) 262-5545 tel
(720) 262-5546 fax
Email: atracyramirez@hopkinsway.com
*Attorney for Plaintiffs/Counterdefendant*